### ZEH *et al. v.* CADWALADER, Collector.

*(Circuit Court, E. D. Pennsylvania. October 10, 1889.)*

1. CUSTOMS DUTIES—CLASSIFICATION—DECORATED EARTHENWARE.
   If decorated china earthenware is bought, sold, and used under the name of "toys," it is to be classified for duty, under paragraph 425, at 35 per cent., and it is unimportant whether the articles are used for playthings for children or for household purposes.

2. SAME—TOYS.
   The term "toys" used in the tariff act is to receive the signification ordinarily attributed to it in common speech, unless evidence shows that it has a different trade signification,—that is, that it is differently used and understood when applied to such merchandise by those engaged in commerce respecting it, and had such different signification at the date of the statute in 1883.

At Law.

This was a suit brought for the recovery of certain customs duties alleged to have been unlawfully exacted upon certain earthenware, mugs, cups, saucers and plates claimed by the plaintiffs to be dutiable at the rate of 35 per cent. as toys, under paragraph 425, Tariff Index, (New,) the appraiser having returned them as decorated earthenware at 60 per cent. under paragraph 125, Tariff Index, (New.) The samples produced upon the trial of the importation consisted of A B C cups and plates, so-called tea muffins, decorated and fancy mugs, and plates. Upon the trial, the testimony of the plaintiffs tended to show that the articles in question were bought, sold, and used in the trade as toys, and were known by that name, while the testimony of the defendant tended to prove that the chief use to which they were put was not as playthings.

to amuse children, but for ordinary household purposes. It was also contended on behalf of the defendant that under section 2499, as amended, the verdict should be for the defendant, inasmuch as where two or more rates of duty are applicable, the article is dutiable at the highest of such rates. The verdict was for the defendant.

*Frank P. Pritchard,* for plaintiff.

*William Wilkins Carr,* Asst. U. S. Atty., and *John R. Read,* U. S. Atty., for defendant.

BUTLER, J., (*charging jury.*) The defendant asks the court to charge you on certain points, the first of which is as follows: "1. If you believe the goods in question are bought, sold, and used as earthen, stone, or crockery ware, and not as toys, then your verdict should be for the defendant." That is correct. "2. If you believe the articles in question on March 3, 1883, and prior thereto, were commercially known and designated as earthenware, and if you believe that they were not at that time described and designated as toys, then it is immaterial how they have since been known and designated, and your verdict should be for the defendant." That is true. This statute was passed in 1883, and if there is a trade designation it is the designation of that time and not subsequently that governs. "3. If you believe the articles in question are known as earthenware in the trade, and are chiefly used as other articles of earthenware, stone and crockeryware are used, and are not chiefly used as playthings for children, then your verdict should be for the defendant." We cannot so charge you. If they were denominated toys, by the trade, at that time referred to, it is unimportant how they were used. "4. The circumstance that the article in question may possibly be used for purposes other than household purposes, is not controlling, and even if you believe that sometimes they are incidentally used by children as playthings, your verdict should be for the defendant; if you believe that their chief use is for household purposes; and that they are known as toys in the trade." That is true. If they were not known by the trade as toys, then it is true that it is not important that they may have been used as playthings, if their chief use was for household purposes; but if they were known in the trade as toys, then it does not make any odds how they were used. "5. If you find that there is no trade designation of these articles as toys, then the question becomes purely and simply one of fact, viz.:—What is the predominating use to which these articles are devoted, and if you believe that they are not chiefly used as playthings for children, then your verdict should be for the defendant. That is correct. The court affirms that. This assertion is all predicated upon your not finding that they are known to the trade as toys. "6. If you believe that the articles in question are bought and sold under the names of a cup, saucer, and plate, and not under the name of toys, then your verdict should be for the defendant." That probably means the same thing. If they are not designated by and known to the trade as toys, but are known simply as cups, saucers, plates, etc., then they were properly classified, and your verdict should

be for the defendant. "7. A 'toy' is an article used exclusively for the amusement of children, and if you believe that the articles in question are chiefly used by children, otherwise than as playthings, then they are not toys within the meaning of the tariff act, and your verdict should be for the defendant: provided the word 'toys' has no special trade meaning." Here again is the same thought. What is asserted in the point is predicated upon your not finding that the word "toys" has a special trade meaning, and the point is therefore correct. I shall have more to say that will be found applicable to it in a few minutes, when I come to define the distinction between the meaning of the word "toys" as used in common speech, and when used as a trade designation, if it is a trade designation. "8. Upon the evidence in this case, the term 'toys' should not be given any technical or particular or commercial meaning, but should receive its proper signification and natural import; and if the articles in question are not 'toys' in the popular and general sense of the term, but are used for ordinary household purposes, like other articles of earthenware, and if such use is predominating and not exceptional, then your verdict should be for the defendant." This is true. But it is proper to bear in mind that it is predicated on the idea, although not so stated, that you do not find this term "toy" to have a trade signification. The ninth point raises a question of law, which for the present, the court must rule against the defendant. I would prefer to reserve it, but it contains the word "if," and while there is no question how the case should be decided, if the point is right, the circumstances are not such as will enable the court to reserve it, and direct a judgment for the defendant, notwithstanding the verdict, if the court hereafter be with the defendant upon the point—in the absence of an agreement between the parties respecting it, and therefore the point must be regarded as denied. Having thus disposed of the points I will now state the case, and my views respecting it, in a connected form.

The plaintiff having imported the merchandise involved—consisting of cups, saucers, plates, and mugs—it was classified by the customs officers as earthenware, and subjected to the duty imposed by the statute on this class of merchandise—to-wit, 60 per cent. The plaintiff claims that it should have been classified as "toys," and subjected to the duty imposed by the statute on this class, to-wit:—35 per cent. He therefore seeks in this suit to recover the difference between 35 and 60 per cent., which he paid. The term "toys," used in the statute, is to receive the signification ordinarily attributed to it in common speech, unless the evidence shows that it has a different trade signification, that is, that it is differently used and understood when applied to such merchandise, by those engaged in commerce respecting it, and had such different signification at the date of the statute, 1883. The signification of the term in common speech, embraces only such things as are primarily intended for the entertainment and amusement of children. It does not matter that they may be susceptible of other uses; if the predominating design and use is such amusement and entertainment, the articles fall within the signification of the term "toys" as employed in

ordinary speech. If the predominating use is not to amuse, although the articles may be suitable for, and be applied to, this purpose, they are not toys within the common signification, as before stated; that is within the meaning of the term as employed in common speech. If therefore you do not find from the evidence that the term "toys" has a different trade signification, as before explained, the criterion just indicated will guide you in determining whether the articles here involved are "toys." If, however, you find that it has such different trade signification, then the statute must be understood as using the term in this sense, and its ordinary signification in common speech before explained, will cease to be of any importance in disposing of this case. That it has a well-understood trade signification, the evidence seems to put beyond doubt. The witnesses on both sides testify that the term "toy" (at the date of the statute, and for many years before) was in common use among those engaged in this branch of commerce. They (the witnesses) differ only as respects the scope of its application. The question of fact for your consideration therefore, seems to be narrowed to the inquiry: What is the scope of the term as thus used, or rather, what was its scope at the date of the statute? In other words, what was then embraced within the signification of the term "toys" as employed by merchants engaged in this branch of commerce? Did it include the articles here involved? The plaintiff's witnesses, merchants, engaged in this trade, testify that it did embrace them. These witnesses are numerous, and have had large experience in the trade. If you believe them—if their statements are reliable, they settle the question; and the articles must therefore be classified as "toys," and a verdict rendered for the plaintiff in the amount of his claim. On the other hand a number of witnesses were called by the defendant who testified that the term as used in the trade did not, at the time referred to, and does not now, embrace these articles. That its scope was and is narrower—as they describe. Whether their experience and intelligence respecting the question are as great as that of the plaintiff's witnesses, and whether their testimony is as reliable and valuable, you must judge.

The plaintiff has also placed before you numerous trade circulars or price-lists containing information on the subject. From this evidence, and any other you may find in the cause bearing on the question, you must decide whether the term "toy" as used in the trade at the date of the statute, did or did not embrace these articles. If you find it did, your verdict will be for the plaintiff as before stated. If you do not so find, your verdict will be for the defendant.

There is no place here for sympathy or prejudice. If you find that the term in question has a well-known trade signification, (had at the date of the statute,) and that these articles fall within it, your verdict must be for the plaintiff, no matter whether the trade designation seems to you to be reasonable, or not. If you do not so find, your verdict must be for the defendant.